# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES JEROME JOHNSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-3150-CV-S-DW-P |
| | ) | |
| GREENE COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT HELMS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, AND DISMISSING CASE

Plaintiff, who is incarcerated at the Crossroads Correctional Center (CrCC) in Cameron, Missouri, has filed pro se this civil action pursuant to 42 U.S.C. § 1983, seeking relief for claimed violations of his federally protected rights. Currently pending before this Court are defendant Helms' motion for summary judgment (Doc. No. 91), plaintiff's response thereto (Doc. No. 94), Helms' reply thereto (Doc. No. 96), plaintiff's motion to compel discovery and suggestions in support thereof (Doc. Nos. 93 and 98), Helms' opposition thereto and suggestions in support thereof (Doc. Nos. 97 and 100), and plaintiff's reply thereto (Doc. No. 102).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." See generally Van Wyhe v. Reisch, 581 F.3d 639, 648 (8th Cir. 2009), cert. denied, 581 F.3d 639 (2010); Mason v. Correctional Medical Services, Inc., 559 F.3d 880, 884-85 (8th Cir. 2009). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that

may be reasonably drawn from the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Recio v. Creighton University, 521 F.3d 934, 938 (8th Cir. 2008) (citation omitted).

The inquiry performed is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); Cook v. City of Bella Villa, 582 F.3d 840, 848 (8th Cir. 2009) (rehearing en banc denied).

**UNDISPUTED STATEMENT OF FACTS**

Defendant Steve Helms has served as the Circuit Clerk for Greene County, Missouri since March 1, 2008. Doc. No. 91, p. 7. Plaintiff claims that Helms has denied plaintiff access to the courts by having a policy of "rejecting all prisoner pleadings to the courts . . . without a case number already assigned." Doc. No. 7, p. 16. Plaintiff alleges that Helms' policy caused plaintiff's numerous attempted filings to be rejected and that the rejection of these filings negatively effected the outcome of plaintiff's trial and subsequent appeal. Doc. No. 7, p. 15. The only injury plaintiff alleges is his current incarceration, and for relief, plaintiff seeks a declaratory judgment overturning his conviction and unspecified actual and punitive damages. Doc. No. 91, p. 11.

Helms implements the policies and procedures for the Greene County Circuit Clerk's Office. Doc. No. 91, p. 8. The Clerk's Office handles approximately 33,000-34,000 cases a year. Helms

2

states in affidavit that he has no day-to-day involvement with filing documents received by the Clerk's Office and that all documents are filed by deputy clerks who seek assistance from a supervisor when questions arise. Doc. No. 91, pp. 7-8. Helms contends that cases filed by inmates are treated the same by the Clerk's Office as any other case in that every document filed in a pending case is required to contain the case number in the caption and is returned to the filing party if the case number is missing. Doc. No. 91, p. 9. According to Helms, requiring the case number to be included in every document prevents deputy clerks from filing the document in the wrong case. Id.

Similarly, Helms states that the Clerk's Office requires that all new case filings include a filing information sheet and either the appropriate filing fee or motion to proceed in forma pauperis. Id. A new case filing is returned to the filing party if there is no information filing sheet or the party fails to either pay the filing fee or file a motion to proceed in forma pauperis. Doc. No. 91, p. 10. Inmates can request a filing information sheet from the Clerk's Office. Id. Helms states that the Clerk's Office policy of requiring the case number on a party's filings is consistent with the Missouri Rules of Civil Procedure and that the policy requiring a filing information sheet with all new cases was implemented in order to comply with the Missouri Supreme Court Operating Rules. Doc. No. 91, pp. 10, 16.

As evidence that plaintiff's pleading in his trial and appeals cases were being returned to him, plaintiff presents five exhibits filed with his amended complaint. Doc. No. 7, p. 15; Doc. No. 8. Plaintiff's first exhibit is an unaddressed memorandum from the Greene County Circuit Court, signed by a deputy court clerk, stating that "letters" were being returned because they lacked a case number. Doc. No. 8, Ex. E-1. Plaintiff's second exhibit is a letter from Stephen Jackson to the Greene County Circuit Court Clerk stating that he is filing documents and requesting that they be

3

timely filed. Doc. No. 9, Ex. E-2. Plaintiff's third exhibit is an unsigned court order with an area plaintiff argues was "whited out" by a clerk. Doc. No. 8, Ex. E-3. Plaintiff's fourth exhibit is a request from Homer Evans to the Greene County Associate Court Clerk for a copy of his probable cause statement and is accompanied by a note stating "please contact your attorney for your request." Doc. No. 8, Ex. E-10. Plaintiff's fifth exhibit is a request from plaintiff to the Greene County Circuit Court Clerk to file a document and is accompanied by a note stating "please contact the arresting agency for your requests." Doc. No. 8, Ex. E-11.

In his motion for summary judgment, Helms argues that he is protected by quasi-judicial immunity and qualified immunity, that he was not personally involved in returning plaintiff's documents, that the policies of the Circuit Clerk's Office are constitutional, and that plaintiff is not entitled to the relief he seeks. Doc. No. 91. In response, plaintiff argues that this Court should stay consideration of Helms' motion for summary judgment, because plaintiff has not received service of Exhibits A and B attached to the motion. Doc. No. 94. In reply, Helms states that a copy of his motion for summary judgment, with the two exhibits, was mailed to plaintiff on June 30, 2011, and that another copy of the filing was sent to plaintiff on July 25, 2011, along with Helms' reply. Doc. No. 96, p. 1. Despite being mailed a second copy of the motion and exhibits, plaintiff has not filed a response in which he provides other grounds to deny Helms' motion.

**QUASI-JUDICIAL IMMUNITY**

Helms argues that, as a circuit clerk, he is protected by the doctrine of judicial immunity. Doc. No. 91, pp. 13-14. A non-judge is protected by the doctrine of judicial immunity when their judgments are "'functional[ly] comparab[le]' to those of judges–that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S.

4

429, 436 (1993) (court reporters are not protected by judicial immunity because their duties are ministerial, as opposed to discretionary, in nature). The Eighth Circuit has held that "clerks of court are entitled to immunity same as judges." Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970). A clerk of state circuit court is entitled to immunity when the clerk's discretionary act is the subject of the lawsuit. See McCullough v. Horton, 69 F.3d 918, 918 (8th Cir. 1995).

In accordance with Davis and because plaintiff's claims are against Helms only as to the policies of the Clerk's Office in which Helms has discretion in implementing, Helms is protected from plaintiff's claims by quasi-judicial immunity.

### **RESPONDEAT SUPERIOR**

Next, Helms argues that, because he had no personal contact or interaction with plaintiff, plaintiff fails in alleging a constitutional violation of a subordinate based on respondeat superior. Doc. No. 91.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege the deprivation of a constitutional or federally protected right. See Parratt v. Taylor, 451 U.S. 527, 532 (1981). "Liability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). Plaintiff, therefore, must present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to supervise or act, which resulted in plaintiff's injuries. See generally Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility); Ronnei v. Butler, 597 F.2d 564 (8th Cir. 1979). Furthermore, a supervisor's "mere knowledge of his subordinate's" illegal acts is an insufficient basis for Section 1983 liability. See Ashcroft v. Iqbal,

129 S. Ct. 1937, 1949 (2009).

Plaintiff fails sufficiently to plead Helm's direct personal involvement in the alleged denial of access to the court. The exhibits plaintiff produces as evidence do not contain any correspondence from Helms, and the only signed correspondence from the Clerk's Office produced by plaintiff is signed by a deputy clerk. Furthermore, plaintiff does not dispute that Helms has never received any complaint from plaintiff concerning plaintiff's returned documents. To the extent plaintiff is contending that Helms was involved in the denial of plaintiff's federally protected rights due to his supervisory role at the Clerk's Office, plaintiff is attempting to state a claim under a theory of respondeat superior, which are not actionable claims under Section 1983. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986); Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 691 (1978). Because plaintiff fails to state an actionable Section 1983 claim, Helms' motion for summary judgment will be granted as to the alleged non-filing of any of plaintiff's documents.

## **ACCESS TO THE COURTS**

Helms argues that the Clerk's Office policy of returning documents in limited situations is not unconstitutional and that the policies did not deny plaintiff meaningful access to the courts. Doc. No. 91.

As a preliminary matter, prison inmates have a fundamental right to access the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). "The right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement." Cody v. Weber, 256 F.3d 764, 767-68 (8th Cir. 2001)(citing Lewis v. Casey, 518 U.S. 343 (1996).

To succeed on a claim of denial of meaningful access to the courts, inmates must establish actual injury. Lewis v. Casey, 518 U.S. 343, 349-52 (1996). To prove actual injury, plaintiff must "demonstrate that a nonfrivoulous legal claim had been frustrated or was being impeded." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (citing Lewis v. Casey, 518 U.S. 343, 353 (1996).

Plaintiff has failed sufficiently to state that the Clerk's Office policy denied plaintiff meaningful access to the courts. By returning documents in a pending case that do not include a case number and returning documents for filing a new case that do not include the required forms, the Clerk's Office policy was not denying plaintiff the ability to file lawsuits that directly or collaterally attacked his sentence. Instead, plaintiff could have corrected the deficiencies in his pleadings and returned them to the Clerk's Office without any negative effect on his trial. Plaintiff does not argue that any of the documents returned to him complied with the Clerk's Office policy. Consequently, plaintiff fails to state a claim of denial of meaningful access to the courts.

## **DAMAGES**

Next, Helms argues that, because the only injury plaintiff alleges is plaintiff's current incarceration, plaintiff cannot seek a judgment overturning his conviction or monetary damages from Helms in the present case. Doc. No. 91.

As to plaintiff's request for a judgment overturning his conviction, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Prieser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). Therefore, plaintiff's request for immediate release is not cognizable under Section 1983, and if plaintiff wishes to pursue his release, plaintiff must file a petition for a writ of habeas corpus.

7

As to plaintiff's request for money damages, the United States Supreme Court also held in

Heck v. Humphrey:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486 (footnote omitted) (emphasis in original). Because plaintiff claims that the policy of the Clerk's Office negatively effected his trial and appeal cases, plaintiff's claim calls into question the fact of his incarceration. Therefore, plaintiff must demonstrate that his conviction or sentence has been altered or invalidated by one of the means set forth in Heck before he can maintain a Section 1983 action for monetary damages against Helms. Because plaintiff has not made such a showing, plaintiff's claim for monetary damages against Helms also is not cognizable under Section 1983 pursuant to the ruling in Heck.

## **QUALIFIED IMMUNITY**

Finally, Helms argues that he is protected by qualified immunity. Doc. No. 91, p. 22. The Court uses a two pronged test to determine if a government official is entitled to qualified immunity. See Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998). The first prong of this test is to determine whether or not the plaintiff has alleged a deprivation of a constitutional right. Id. The second prong of this test is to determine if that constitutional right "was so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act." Id.

As stated above, plaintiff fails sufficiently to allege a violation of a constitutional right. Furthermore, even if plaintiff sufficiently had alleged a violation of a constitutional right, the constitutional right was not so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act. The Clerk's Office policy of requiring the case number on a party's filings is consistent with the Missouri Rules of Civil Procedure, and the policy requiring a filing information sheet with all new cases was implemented in order to comply with the Missouri Supreme Court Operating Rules. Doc. No. 91, pp. 10, 16. Because a reasonable public official would not have known that implementing policies consistent with state law violated the Constitution, Helms is protected from plaintiff's claims by qualified immunity.

## MOTION TO COMPEL DISCOVERY

Plaintiff has filed a motion to compel discovery, claiming that Helms is refusing to produce documents contained at the Clerk's Office. Doc. No. 93. Specifically, plaintiff seeks copies of all policy directives and statements issued under Helms' supervision, copies of all policies regarding the filling of documents in the Clerk's Office, and all documents relating to plaintiff's filings with the Clerk's Office. Doc. No. 97, Ex. 1. Helms argues that plaintiff's motion to compel discovery should be denied because plaintiff's request for production of documents was untimely. Doc. No. 97, p. 1. In reply, plaintiff argues that he made a previous request for similar documents in November 2010, but that Helms refused to produce the documents. Doc. No. 98. Helms argues that "plaintiff is blurring the lines between his discovery request in this case seeking production of documents and his request for a transcript or legal file from the [Clerk's Office] for his appeal in another case" and that these are two separate issues. Doc. No. 100.

9

Plaintiff's request was not mailed to Helms until May 27, 2011, the same day that discovery closed. Doc. No. 91, p. 1. This Court extended the discovery deadline four times, finally setting the deadline of May 27, 2011, and stating that no further extensions of time would be granted. Doc. Nos. 74, 79, 86, 89. Plaintiff argues that he has made continuous requests for the documents since 2010, but provides no evidence to support his claim. Doc. No. 102. By waiting until the day discovery closed to make his request, plaintiff made it impossible for Helms to respond to plaintiff's request before the close of discovery. Doc. No. 100, p. 2. As a result, plaintiff's motion to compel (Doc. No. 93) will be denied.

Accordingly, it is **ORDERED** that:

(1) plaintiff's motion to compel discovery and suggestions in support thereof (Doc. Nos. 93 and 98) are denied for the reasons set forth above and for the reasons set forth in defendant's opposition thereto (Doc. Nos. 97 and 100);

(2) defendant Helms' motion for summary judgment (Doc. No. 91) is granted, and defendant Helms is severed and dismissed from this case with prejudice; and

(3) this case is dismissed with prejudice.

    /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   October 13, 2011   .